**CHILDERS et al. v. JOHNSON et al.**

No. 8948.

Court of Civil Appeals of Texas. Austin.

July 24, 1940.

Rehearing Denied Sept. 25, 1940.

Leon D. Glasscock, of San Antonio, for plaintiffs in error.

N. T. Stubbs, of Johnson City, for defendants in error.

BAUGH, Justice.

The parties will be designated as in the trial court. The case arose as follows: On March 5, 1939, Nemon Johnson and Iffie Johnson, two negroes residing in Precinct No. 4 in Blanco County, were the owners of 153 head of goats. On that date, same being on Sunday, Wesley City filed suit before W. W. Childers, Justice of the Peace, against Nemon Johnson "for the sum of five dollars, due upon demand, payable at once." This action was predicated upon the Johnsons allowing said goats to run at large in alleged violation of a local stock law, and trespass upon and damage to the premises of Wesley City. The Justice of the Peace on the same day issued what purported to be a citation, delivered it to the Constable, W. J. Conley, with instructions to him to impound the goats and serve Johnson. The Constable read the citation to Johnson's wife, but left no copy, and Nemon Johnson was never served with citation. Nemon and Iffie Johnson thereupon offered to pay City and the Constable all damages sustained by City, and the 10 cents per head per day provided for in Art. 6939, R.C.S.1925, if they would surrender possession of the goats to the owners. This they refused to do, and the Justice of the Peace refused to authorize surrender of the goats, unless Nemon and Iffie Johnson would pay, under the provisions of Art. 6965, R.C.S.1925, the sum of $1 per head, which these negroes were unable to do. The goats were driven to the town of Blanco, and on March 15, 1939, sold at auction, not by the Constable, but by the Justice of the Peace himself, to Walter Yett for the sum of $125. At this purported sale, which clearly was not made in compliance with Art. 6939, Nemon and Iffie Johnson appeared, gave notice to bidder that the goats belonged to them; that they had been unlawfully seized; and that they would sue the purchaser to recover them.

The following day, March 16, 1939, Nemon and Iffie Johnson brought this suit against the Justice of the Peace, the Constable, the complainant City, and Yett, the purchaser of the goats, for possession of the goats and for damages.

The defendants answered at length by pleas in abatement, special exceptions, general and special denials, pleaded that a special stock law was in force in this precinct and that said goats were seized and sold in accordance with such law. By supplemental petition, the plaintiffs attacked all of said proceedings, including the judgment of March 15, 1939, as void.

Trial was to the court without a jury, and judgment rendered in favor of Nemon and Iffie Johnson for title to and possession of their goats, and for $4.80 damages against all of the defendants, from which the defendants have prosecuted this writ of error.

The defendants' first contention is that this suit constituted a collateral attack upon the justice court judgment, valid on its face, and should therefore have been abated by the trial court. That in any event, the plaintiffs could not urge the invalidity of the justice court judgment in a supplemental petition.

Since the plaintiffs' suit was for recovery, as owners, of their property, illegally taken from them, and their proof indisputably showed such ownership; and since the defendants themselves in defense of such suit specifically pleaded the justice court judgment as their authority for the sale of the goats, we think the defendants clearly thereby put directly in issue the validity of the judgment relied upon by them to sustain their conduct, which, un-

less sustainable under said judgment, was clearly illegal. Having thus themselves put in issue the validity of their own judgment as a defense, attack thereon by plaintiffs was properly made by supplemental pleadings in answer thereto.

It may be observed that there is nothing in the record to show that the defendants ever called attention to, or secured any action by, the trial court on their special pleas. No action thereon is shown of record, the judgment does not dispose of them specifically, and no exceptions were ever made to any action, or failure to act, thereon. It is doubtful, therefore, if they are properly presented here.

However that may be, and whether plaintiffs' pleadings, original or supplemental, constituted a collateral attack upon the justice court judgment; we have reached the conclusion that the trial court was authorized to find, as he evidently did, that that judgment was void. If it was, then the judgment herein was manifestly correct, regardless of the other questions raised.

The general rule is settled that a judgment of a court of general jurisdiction which has jurisdiction over the subject matter of the suit and of the person of the defendant, regular on its face, is not subject to collateral attack. Though valid citation to a defendant is essential to jurisdiction, it now seems settled that if the judgment itself recites that personal service was had, evidence aliunde is not admissible, in a collateral attack, to show lack of service. Crawford v. McDonald, 88 Tex. 626, 632, 33 S.W. 325; 25 Tex.Jur. § 330, p. 857; 26 Tex.Jur. § 167, p. 991.

Since, however, it affirmatively appears that the only process issued was issued on Sunday; that the purported citation was never served upon the defendant, and the officer's return so shows; that the judgment rendered thereon was not rendered at a regular term of said court; and that same was entered less than ten days after the purported service and return thereof, and for a greater sum than the plaintiff sued for (see Arts. 2381, 2400, and 2036, R.C.S.1925), we think the trial court was authorized to conclude that the justice court judgment, notwithstanding the recitals therein, was void and not merely voidable. It did not require proof dehors the record itself to show its invalidity.

That being true, and its invalidity so shown, the method of attack upon it is immaterial.

There is another ground upon which the trial court's judgment herein can, we think, be sustained. The evidence was amply sufficient to show, if in fact it does not conclusively show, that the Justice of the Peace was seeking to impound the goats and to collect charges thereon under the provisions of Art. 6965, R.C.S., applicable to other stock, and not under Art. 6939, applicable to sheep and goats. That after consultation with counsel, Nemon and Iffie Johnson offered and were able and willing to pay all damages, claimed by City, and the fees provided for in Art. 6939; but that the Constable and Justice of the Peace refused to accept same or deliver the goats to the owners. That after the goats had been sold at Blanco on March 15th, and notice given that this suit would be filed, the Justice of the Peace, who had sold them, then employed an attorney for his own protection, that of his constable, and of the purchaser of the goats, to get him out of "the jam" as he termed it in his testimony. The evidence and the surrounding facts and circumstances were sufficient to authorize the trial court to conclude that the justice court judgment was, regardless of citation, term time, and want of process, drawn and entered for the purpose of defense against the instant suit; notwithstanding the absence of essential jurisdictional requirements.

Manifestly, the Johnsons were not estopped from recovering their goats by failure to file affidavit and bond authorized under Art. 7402 et seq., R.C.S., relating to trial of right of property. They could have resorted to other methods to prevent such sale, but they were not compelled to do so. They registered their protests and gave notice, to all prospective purchasers at the sale, of their claims. Hence no question of innocent purchaser could arise. And manifestly the defendants cannot be heard to urge, as against their own illegal acts, the failure of the plaintiffs to resort to other remedies afforded by law to prevent an illegal sale of their goats, as now estopping them to complain of the wrongful conduct of the defendants in unlawfully taking their property.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.