GRUBBS v. GRUBBS.

No. 11211.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 5, 1942.

Rehearing Denied Aug. 26, 1942.

J. D. Williamson, of Waco, for appellant.

R. A. Grubbs, of Newark, N. J., pro se.

MURRAY, Justice.

Mrs. Lucie Brulay Grubbs instituted this suit in the District Court of Cameron County, on January 8, 1942, against her then husband, R. A. Grubbs, who resided in a foreign jurisdiction, seeking a judgment of divorce dissolving the marriage of herself and defendant, awarding her the care and custody of their child, Richard L. Grubbs, requiring defendant to pay to her monthly the sum of $25 for the support of the child until he should reach the age of sixteen years, and for costs of court.

The defendant was cited by notice to serve non-resident, served upon him in the County of Essex in the State of New Jersey, and filed no answer in the suit. The trial judge after a hearing entered judgment granting the divorce, awarding the custody of the child to his mother, but refused to enter judgment for the $25 per month, and adjudged the costs against the plaintiff.

Mrs. Grubbs has appealed only from the action of the court in refusing to require the defendant to make monthly payments in the sum of $25 and in refusing to adjudge the costs against defendant.

The trial judge found from sufficient evidence that $25 per month was required for the support of the minor and that appellee was financially able to make such payments, but concluded that he was without jurisdiction to enter such order because appellee had been served only by notice to non-resident and had not appeared in the case by answer or otherwise.

We conclude that the trial court properly refused to enter judgment for the monthly installments and the costs of court, inasmuch as such an order would be one operating in personam and not in rem. Appellant contends that such an order would not be one for debt but simply an obligation growing out of the marital status. Appellant further points out that such a judgment can only be enforced by contempt proceedings, as expressly provided by Art. 4639a, Vernon's Civ.Stats., and as was expressly held in Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953. Notwithstanding such matters, such judgment would be a personal judgment and cannot properly be entered against a non-resident served only by notice.

Furthermore, the entry of such a judgment would be a vain thing. It would not be entitled to full faith and credit by a

sister state because it is interlocutory in nature and may be changed from time to time. Gaffey v. Criteser, Tex.Civ.App., 195 S.W. 1166; Id., Tex.Com.App., 222 S.W. 193. It could not be enforced in this State unless jurisdiction could be had over the person of the defendant.

Many of the arguments presented by appellant are highly persuasive, but we have come definitely to the conclusion that a judgment against a husband for periodical payments for the benefit of his minor child is an order operating in personam and can be properly entered only where personal service is had or an appearance is made.

The judgment is affirmed.