**COX et al. v. CAMPBELL et al.**

No. 14624.

Court of Civil Appeals of Texas. Dallas.

April 3, 1953.

Rehearing Denied May 1, 1953.

Gragg & Storey, Dallas, for appellants.

McNees & NcNees, Dallas, for appellees.

CRAMER, Justice.

This suit was filed in the District Court by appellees, Martha Ann Campbell et vir., against appellants, Jimmie Lee Cox et ux., and J. C. Long, Trustee for the Salesmanship Club of Dallas, Texas, in trespass to

try the title to certain lands in Dallas County. Plaintiff in addition to formal allegations in trespass to try title, also alleged, in substance, that she was born Sept. 25, 1927, the daughter of J. M. and Agnes Parkin; that her father died intestate Dec. 20, 1928; that upon her father's death the title to one of the tracts, and one-half the second tract, involved passed in fee to her; that on or about Nov. 9, 1950, appellants, Jimmie Lee Cox et ux., unlawfuly entered said property, dispossessed her, and now withhold from her the possession thereof; further, that in cause No. 13,074 styled In re Estate of Martha Ann Parkin, a minor, the County Court of Dallas County, sitting in probate, on Nov. 26, 1929, entered an order appointing a guardian for her; that thereafter an inventory and appraisement was filed therein in which the two tracts involved here were listed, and that said County Court by reason of such facts acquired exclusive jurisdiction of her estate and said property; that on Feb. 17, 1930, in cause No. 84149–D, a District Court of Dallas County in an original suit (not an appeal from probate court) there was an attempted judgment entered purporting to foreclose a lien upon her said property and thereafter on May 6, 1930 the Sheriff of Dallas County, under an order of sale out of said District Court cause, made a sale of such property and executed a sheriff's deed thereto to W. O. Oldham; that such judgment was void because the District Court had no jurisdiction to enter same; and in the alternative that such judgment did not provide that it be certified to the Probate Court for observance; that it was not so certified, and that such judgment, sale and sheriff's deed were void because the Probate Court had exclusive jurisdiction of her estate and said property and no claim was ever presented or approved by the duly appointed and acting guardian. She further alleged that both said proceeding and deed should be cancelled and held for nought; that the other parties having entered said property under said void proceedings and deed, they should be dispossessed and all clouds removed from her title. She also sought judgment for the rental value of the property during

the time appellees had possession. Appellants answered by plea of not guilty; plead the one, three and five-year statutes of limitation, and that they have made valuable improvements on such property and increased the value thereof in the amount of $5,060.79. Appellee Campbell answered with a denial and for a reasonable rental value during the withholding of the property from her.

A nonjury trial resulted in judgment for plaintiffs, appellees here, for title and possession of the property involved, and offset the rents against the valuable improvements. From such judgment appellants have duly perfected this appeal, briefing two points of error.

Point 1 asserts error in entering the judgment for title to the property against appellants for the reason that, (1) the undisputed evidence sustains the foreclosure judgment and the sale thereunder, and that such judgment and sale were valid; (2) the evidence is wholly insufficient to show the judgment and foreclosure sale thereunder were invalid; that such foreclosure and sale thereafter effectively foreclosed any and all interest of Martha Ann Campbell in such property.

Appellees contend that the sale under the judgment was not valid, did not divest title out of appellee because (1) the court did not have jurisdiction of the cause; (2) (a) the whole of the estate of J. M. Parkin, deceased, was subject to the jurisdiction of the Probate Court since he owed more than three debts or claims against his estate, (b) there was no exception to the exclusive venue of the Probate Court to administer said estate and the District Court had no jurisdiction to foreclose the lien and order a sale of the property in the original action in the District Court, (c) District Court had no authority to foreclose the lien created in 1928 in an original action in said District Court, the note being a direct obligation of deceased and the lien against him only,— not a joint obligation or lien on the property jointly owned by some person over which the Probate Court had no jurisdiction, (d) the sheriff's sale did not divest appellee, then a minor, of her title because of the absence of jurisdiction in the Dis-

trict Court, (e) sale did not divest the minor of her interest in the property since the property had been inventoried in the guardianship proceedings; therefore the District Court had no jurisdiction.

██ Our view of the record in the light of the above contentions convinces us that we must sustain appellants' points. The ownership of the property in question was at the time of the father's death in the father of appellee and subject to administration in his estate unless no administration was necessary. The District Court judgment in Oldham v. Mrs. Agnes Parkin et al. found as a fact that no administration on the estate of J. M. Parkin was necessary and said judgment has become final. No direct attack by bill of review or other direct method has been filed to set aside the Oldham judgment. Appellant Martha Ann Campbell (then Martha Ann Parkin, a minor) and her mother, Mrs. Agnes Parkin, the only heirs at law of J. M. Parkin, deceased, were parties to, and properly before, the District Court in the foreclosure proceeding. The record further shows that the judgment in the Oldham proceedings was final and by its terms foreclosed the lien on the property here involved, securing a debt created by J. M. Parkin and Mrs. Agnes Parkin during the lifetime of J. M. Parkin, of $3,210.92 plus interest and costs; also ordered the sale of the property to satisfy such debt, and that the proceeds of such sale were used to satisfy the judgment. The statement of facts further discloses that an order of sale was issued on the District Court judgment and that the property was sold under such order of sale by the sheriff to W. O. Oldham, under whom appellants here hold their title. Under the undisputed facts set out above, the judgment of the District Court foreclosed a lien securing a valid debt created by appellee's father during his lifetime by a judgment of the District Court which recited the debt, the lien, the absence of necessity for administration upon the estate of appellee Martha Ann Campbell's father, in a suit in which his daughter Martha Ann Campbell et vir., and his surviving wife were parties defendant. Such judgment was valid and binding on his said wife, and also on his daughter, Mrs. Martha Ann Campbell, appellee here.

██ In White v. White, 142 Tex. 499, 179 S.W.2d 503, 506, our Supreme Court stated the rule as follows:

"It is the general rule that during the period allowed for administration, before heirs as such may maintain a suit to recover property which they claim has descended to them, they must show that no administration is pending and none is necessary. (Citing authorities.) The record in the first partition suit does not affirmatively show these necessary jurisdictional facts. Under such circumstances we must concede that such judgment was voidable or erroneous and subject to annulment upon a direct attack. However, mere silence of the record on this subject does not render the judgment void so as to subject it to a collateral attack. In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect. Moore v. Hanscom, 101 Tex. 293, 106 S.W. 876, 877, 108 S.W. 150. It seems to be the settled rule that if the record in the cause does not negative the existence of facts authorizing the court to render the judgment, the law conclusively presumes that such facts were established before the court when such judgment was rendered, and evidence dehors the record to the contrary will not be received. Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329."

Appellants' point 1 is sustained and appellees' counterpoints are overruled.

Appellants' point 2 asserts error in the judgment wherein it disallowed her claim for valuable improvements on the real estate involved. Our disposition of point 1 renders this point moot and makes it unnecessary for us to pass on the same.

For the error asserted in appellants' point 1, the judgment below is reversed and judgment is here rendered that appellees take nothing by their suit.

Reversed and rendered.