**F. S. WOODWORTH, Appellant,**

v.

**Patricia Patton WOODWORTH, Appellee.**

No. 5055.

Court of Civil Appeals of Texas.

Beaumont.

March 31, 1955.

R. L. MURRAY, Chief Justice.

This is an appeal from portions of a judgment of divorce in the Criminal District Court of Jefferson County. The appellant, F. S. Woodworth, was a resident citizen of Mississippi when he was served by nonresident notice of the suit. Appellee, Patricia Patton Woodworth, brought the suit for divorce, custody of their children, for money payments for the support of the children, and for attorney's fees and costs, and also for a money judgment. No answer was filed and no appearance was made by the appellant. Judgment was first rendered by the court for divorce, custody of the children, for payment by appellant to appellee for child support of one-third of his earnings with a minimum payment of $300

per month, a money judgment of $25,000, and attorney's fee of $500.

Appellant then appeared by attorney with a motion to correct the judgment, or, in the alternative, a motion for new trial. After a hearing on such motion, the trial court set aside the above judgment and entered a new judgment in lieu thereof. This latter judgment is the one from which appellant has appealed. It eliminated the provision for a money judgment for $25,000. It provided, however, for divorce, custody of the children of the parties, payment of one-third of his earnings by appellant to appellee for child support, with a minimum payment of $300 per month for such support, and for an attorney's fee of $500 to appellee's attorney, for costs of suit, and payment by appellant of all community debts. It also awarded to appellee an automobile and furniture.

The appellant contends in his brief that it was error to award to appellee in such a case, where service was only by notice to serve non-resident, in his residence in another state, any relief except upon those features of the cause of which the trial court had jurisdiction as a proceeding in rem; that it was error to award judgment for payments for child support, for attorney's fees, for costs, and for payment of community debts.

The appellee has filed no brief.

■ The court under the facts here had no jurisdiction in personam over the appellant. It could not render any money judgment against him. Judgment for child support, attorney's fees, costs, and payment of community debts are all money judgments. Appellant's complaints in regard thereto must be sustained under the authorities cited. Pool v. Lamon, Tex.Civ.App., 28 S.W. 363; Stephens v. Stephens, 62 Tex. 337; Grubbs v. Grubbs, Tex.Civ.App., 164 S.W.2d 216; Askew v. Rountree, Tex.Civ. App., 120 S.W.2d 117; Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231.

The judgment of the trial court is reformed, so as to eliminate recovery therein by appellee of payments for child support, attorney's fees, court costs, payment of community debts, and as reformed, it is affirmed.