Phillip RISCH, Appellant,

v.

Margaret Louise RISCH, Appellee.

No. 14615.

Court of Civil Appeals of Texas.

Houston.

Oct. 7, 1965.

First Rehearing Granted Oct. 28, 1965.

Second Rehearing Denied Nov. 18, 1965.

Peter S. Navarro, Jr., Houston, for appellant.

Ted Musick, Houston, for appellee.

BELL, Chief Justice.

Appellee recovered judgment granting her a divorce from appellant; giving her custody of the two children living with her; fixing child support payments of $350.00 per month; awarding appellee a $1500.00 attorney's fee, and making a division of the property. The 10 year old son was with appellant in Singapore, Malaysia, and the court made no custodial disposition of him.

Appellee filed her petition on May 22, 1964. Her petition affirmatively alleged appellant was "a resident of Singapore, Malaysia." There was no allegation that he was domiciled in Texas, though she sufficiently alleged her inhabitancy in Texas and residence in Harris County. She obtained issuance of non-resident notice and the record shows service on appellant in Singapore. The petition also alleged separation on or about March 10, 1962, though proof shows it occurred in August, 1962.

Appellant filed a special appearance under Rule 120a, Texas Rules of Civil Procedure, challenging the jurisdiction of the court, and in it asserted he was a non-resident of Texas, was domiciled in Singapore, Malaysia, and that he and his property were not amenable to process issued by Texas courts. The plea was sworn to by appellant's counsel.

The trial court, after hearing, overruled the plea and appellant excepted to the ruling. He here complains that this action

was erroneous and therefore the court had no jurisdiction to fix child support, act on certain personal property in appellant's possession in Singapore or to award attorney's fees. There is no question that the court had jurisdiction to grant the divorce, to fix custody of the children who were here and to act on property within the State.

■ We are of the view that the court erred in holding it had personal jurisdiction so as to award child support and attorney's fees.

The evidence shows the parties were married in Miami, Oklahoma, in 1954, at which time appellant lived in Oklahoma. The parties lived in Oklahoma until 1957. Then appellant, who worked for an oil company, commenced work for the company in its foreign service. From Oklahoma the parties went to Indonesia for two years. In November, 1959, while on vacation, they stayed a short time in the home of appellee's parents in Houston and then rented an apartment. In 1960, before February when appellant went to Argentina, they bought a house in Pasadena, Texas. It was never lived in by the parties but was immediately rented to third parties and has continuously been so rented. Appellee went to Argentina in April. She, appellant and the children stayed there until March, 1962, at which time she and the two small girls came to Houston. Appellant and the son followed in June. The trip to Houston was for a vacation. While here on vacation the parties rented an apartment. In August appellant left, ostensibly to go back to Argentina. He took the boy with him. Since this time appellee has had no direct word from appellant, but she learned through friends he was in Singapore with the son. He sends $200.00 per month for support, but it is sent by a New York bank to her bank here. Appellee states as a conclusion that the house in Pasadena was bought as a home but nowhere does there appear anything said or done by appellant with re-

gard to the house except it was bought in early 1960. $3,000.00 was paid down and the rentals have been used to keep up the deferred payments, taxes and insurance. The collection of the rental and the payments are made by some rental agent. Appellee apparently knows nothing more about the property than we have recited. Appellee stated Houston was a "transitory" point for them between assignments because her parents lived here. She did state that at some time before their marriage in Oklahoma appellant had lived in Texas.

We feel, under the evidence contained in the record before us, the last marital domicile of both parties was in Tulsa, Oklahoma, where they lived until 1957. Appellee, of course, has since 1962 been a good faith inhabitant and resident of Harris County.

■ Since appellant was not domiciled in Texas at the time of service, was served out of the State, and properly pled and proved under Rule 120a he is not amenable to service of process in matters in personam, it was error for the court to fix child support and to award attorney's fees. Grubbs v. Grubbs, Tex.Civ.App., 164 S.W. 2d 216, no writ hist.; Woodworth v. Woodworth, Tex.Civ.App., 277 S.W.2d 828, no writ hist.

Appellant also asserts that he had obtained a divorce in Mexico from appellee. Further he asserts that if this is not valid and he and appellee remained husband and wife, the evidence in this record does not support a judgment for divorce.

Appellee's petition alleges as grounds for divorce "cruel treatment and outrages toward Plaintiff of such a nature as to render living together with defendant intolerable and insupportable." Specifically appellee also pled that appellant stole the minor son and has the son with him in Malaysia where reportedly appellant is living with another woman to whom he is not married. The assertion that he is living in adultery is made on the basis, first, that

the Mexican divorce was invalid, and second, that he never purported to marry his alleged companion.

■ The evidence shows that while the parties were here on vacation during June and July, 1962, they had "just the usual family arguments." When asked if appellant struck her as a result of the arguments, appellee answered "yes." The nature of the arguments and striking is not further characterized. In response to the question, "Now, after that time, Mr. Risch left, and what was your understanding of where he was going and what you were supposed to do when he left, Mrs. Risch," appellee answered, "It was my intention that Mr. Risch was going back to Argentina where he was to stay * * * two or three months. * * * He was supposed to come back to the States and we were going to Indonesia, and, as I said, the next thing I knew Mr. Risch was in Indonesia, and I had no knowledge of that." Previously she had testified that through friends she learned that he was in Indonesia living with another woman. She also testified she allowed him to take the boy with him because appellant was to send for her and the other children to join him in Indonesia. Appellee testified she had made two efforts to communicate with him, once when he failed to send the $200.00 support payment. She cabled him at Singapore and learned he was in the States on vacation. She was unable to locate him though she attempted to through Mr. Borlan of the New York office. The other occasion was in 1963 when she heard he had obtained a divorce or was trying to. She wrote him asking that he let her know something. She received no reply. She said she knew nothing definitely about the divorce until about January, 1964, when she received through the mail what she took to be a copy of a judgment of divorce granted appellant in Mexico. The judgment is dated September 8, 1962. Appellee testified she was never served with any notice nor did she ever agree to submit herself to the jurisdiction of the Mexican court.

She never submitted to the jurisdiction of the Court of Mexico. What is therefore shown is that appellant while in transit, presumably to Argentina, paused long enough in Mexico to go through the formality of obtaining a divorce without notice of any kind to appellee. The judgment is void and after its pronouncement appellee and appellant remained husband and wife.

After all of the above evidence was developed appellee testified that because of all of this conduct on the part of appellant she could under no circumstances live with him as his wife and that such conduct rendered their living together as husband and wife intolerable and insupportable.

■ We are of the view that when all evidence is considered it supports the conclusion reached by the trial court, that there was cruel and harsh treatment of appellee by appellant of such a nature as to render their living together as husband and wife insupportable. Too, we feel the evidence is full and satisfactory.

Taken alone, evidence about the arguments and striking would not suffice. However, this must be considered in connection with the other undisputed facts. Almost immediately following such conduct, appellant persuaded appellee to allow him to take their son, who was then only eight years old, with him to Argentina, for the temporary stay of a few months. This was done with the understanding that appellant would then return to the States and take appellee and all of the children with him to Indonesia. That this promise by appellant was a pure guise to deprive appellee, a mother, of her child is established by what immediately followed. Appellant went forthwith to Mexico where he surreptitiously filed suit for divorce in which he asked for custody of the son. Without notice to appellee he prosecuted the suit to a conclusion and obtained a judgment purportedly granting a divorce and giving him continued possession of the child. He then went on his way and was

not heard from directly by appellee, but she did learn indirectly through friends that appellant was in Indonesia. While the information given by friends that he was in Indonesia is hearsay and cannot be used to establish that as a fact, appellant's own pleading establishes what is just as bad, that is, that he is a resident of Singapore, Malaysia, just across Malacca Strait from Sumatra, the leading oil producing island of Indonesia. There, in a foreign country, in a country characterized by unsettled conditions, particularly for United States citizens, he has apparently kept appellee's young son. During the time from August, 1962 until the time of trial of this case in December, 1964, appellant has not so much as one time communicated with appellee to let her know of the welfare of her son. Concern and grief of a mother so deprived of a child cannot be doubted. Appellee on at least two occasions during that period has directly sought information from appellant, but her efforts have met with stony silence. The striking of appellee, the procuring of possession of the child through false pretenses, and removal of him beyond the jurisdiction of the courts of Texas, the state where the mother was, the stealthy acts of appellant in connection with the divorce suit in Mexico, and the withholding of possession of the child in the foreign country for over two years, could but be deliberate and intentional acts designed and calculated to embarrass and bring grief to appellee. These acts demonstrate more than words the utter absence of any affection appellant might have for appellee and they could but destroy any love or respect that appellee might otherwise have for appellant.

■ Appellant complains that the house in Pasadena was separate property because the money invested was earned elsewhere and some of it after the Mexican divorce. We have held the relationship of husband and wife was not destroyed by the Mexican divorce. While some of the money invested in the house was earned elsewhere, it was earned during the marriage relationship. The balance that has been paid was from rents on the house earned in Texas. There is no pleading or proof that the laws of the State of appellant's residence or domicile are any different than the laws of Texas. They are, therefore, presumed to be the same. The result is that the real estate is community property. The statute forbidding divesting of title to real estate does not apply to community real estate. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (S.Ct.).

■ Appellant finally urges the Court has no jurisdiction over property of a non-resident lying outside the State. This is true. However, in setting aside to one of the spouses property within its jurisdiction, the court may consider the property beyond its jurisdiction in the possession of the opposite spouse. Askew v. Rountree, Tex.Civ. App., 120 S.W.2d 117, writ dism.

The judgment of the trial court fixing child support and awarding an attorney's fee is reversed and rendered for want of jurisdiction over the person. That part of the judgment awarding appellee a divorce, giving her custody of the two girls and awarding her property lying within the State is affirmed.

## On Motions for Rehearing

■ Appellee's motion for rehearing is overruled.

Appellant's motion for rehearing is granted to the extent that our original disposition might not have made clear that we were reversing and rendering the trial court's judgment insofar as it purported to divide property lying without the State. The court had no jurisdiction to do this so that in addition to reversing and rendering the trial court's judgment awarding appellee child support and attorney's fees, we reverse and render that Court's judgment insofar as it purported to divide any property lying outside of Texas. The court had no jurisdiction to act on these matters. We would make clear, however, that the court

had jurisdiction to adjudicate with regard to property within Texas and its judgment disposing of property within the State is affirmed as is the judgment awarding appellee a divorce and giving her custody of the two children residing with her in Harris County.