**Ex parte Gussie ARLEDGE.**

**No. 8017.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 10, 1970.

Neal Birmingham, Linden, for appellant.

Sidney Lee, New Boston, for appellee.

FANNING, Justice.

This is an original habeas corpus proceeding filed in this court. Gussie Arledge filed the original proceedings in this court when she was in the custody of the Sheriff of Cass County, Texas, and was admitted to bail by this court. This cause was regularly set down for submission and oral argument for October 27, 1970. Relator, Gussie Arledge, duly filed her brief —no opposing brief has been filed. Relator's attorney duly appeared and orally argued relator's cause. Relator appeared in person. There was no appearance by anyone to contest the petition of relator.

Rule 419, Tex.R.Civ.P. provides:

"Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party. Amended by order of Sept. 20, 1941, effective Dec. 31, 1941."

In view of said Rule 419, we quote from relator's brief, in part, as follows:

"This proceeding arises out of a child custody suit filed by Gussie Arledge as

Plaintiff against Kenneth Wayne Arledge, Sr. and Gayle Arledge as Defendants.

"There is no Statement of Facts on file in this case because no hearing was ever had. Also, no transcript of the proceeding in the trial court has been filed; therefore, the Petitioner will rely solely on the instruments served upon her at the time of her unlawful arrest which were attached to her petition and therefore on file in this Honorable Court.

"On the 28th day of August, 1970, the Petitioner was ordered by the District Court of Bowie County, Texas to surrender or deliver Kenneth Wayne Arledge, Jr. to the custody of the Defendant, Gayle Arledge.

"On September 1, 1970, the Defendant, Gayle Arledge, signed an Information for Contempt and on the same day, without notice to the Petitioner, the Court entered an Order for Attachment. The following day, September 2, 1970, a Writ of Attachment issued commanding the immediate arrest of the Petitioner.

"The Petitioner was never served with any process, never given any notice of any charges pending against her and had no knowledge of the cause of her arrest until after she was actually physically restrained of her liberty and had the Writ of Attachment read to her by the arresting officer.

"The Writ of Attachment shows on its face that the Information for Contempt and the Court's Order for Attachment were both executed on September 1, 1970. The writ of Attachment purports to have been issued the following day, September 2, 1970.

"The Writ further shows that the Petitioner's contempt, if any, was in failing to deliver Kenneth Wayne Arledge, Jr. to the Defendant, Gayle Arledge, at the latter's residence at 2903 Lester Street, Texarkana, Texas; therefore, the Petitioner's contempt, if any, constructive contempt committed, if at all, outside the presence of the Court.

"After filing of the Information, the Court did not enter an order giving the Petitioner notice of the nature of the complaint against her and order her to show cause why she should not be held in contempt, but forthwith and on the same day issued an Order for Attachment to have the Petitioner arrested.

"The hearing provided in the Writ was for 9:30 a. m. o'clock on September 8, 1970, one full week after the Writ of Attachment was issued. Had the Writ been executed on September 2, 1970, as directed by the Court, the Petitioner would have been required to linger in jail for a full seven (7) day week without a hearing. This would have been true even if it had been later determined that the Petitioner had an absolute defense to the charge.

"By the terms of the Writ itself the arresting officer was commanded to serve a certified copy of the Information and Court Order upon the Petitioner at the time of her arrest, but not before.

"* * *

"The Petitioner was taken into actual physical custody, arrested, restrained of her liberty and confined by Bill Dowd, Sheriff of Cass County, Texas under the authority of a certain Writ of Attachment issued out of the District Court of Bowie County, 102nd Judicial District of Texas.

"At the time of her arrest, the Petitioner had no knowledge that any charges had been made against her. She had not been served with any character of notice. She had no knowledge of the nature of the charges against her and was given no time or opportunity to prepare a defense to the charges. She was not given a trial or hearing before any Court or Magistrate and,

thereof, was provided with no form or means of presenting a defense to the charges made against her or to even file an answer, controverting affidavit, or other instrument to raise an issue of fact to the charges.

"By its expressed terms, the Writ of Attachment ordered the Sheriff to arrest the Petitioner on September 2, 1970 and detain her in his custody until 9:30 o'clock a. m. on September 8, 1970, seven days later, then personally bring her before the Court issuing the said Writ. It further expressly provided that the Sheriff was to detain this Petitioner in his custody until discharged by the Court.

"The hearing on September 8, 1970 was for this Petitioner to '* * * answer for said *alleged* contempt against this Court * * *' (Emphasis added.)

"By the expressed statements in the Writ the alleged contempt occurred, if at all, by an act of omission occurring outside the presence of the Court, to-wit: '* * * Gussie Arledge, the said Plaintiff, had wholly failed, neglected, and refused to comply with such order to deliver the person of Kenneth Wayne Arledge, Jr., to said Defendant' ('* * * at the latter's residence at 2903 Lester Street, Texarkana, Bowie County, Texas * * *.')

"The petition contends that she had a meritorious defense to the charge of contempt and that had she been permitted to present such defense prior to arrest that she would have been discharged without confinement since her defense is of such a conclusive nature that reasonable minds could not differ.

"The Petitioner contends that such proceeding whereby she was restrained of her liberty without notice or hearing based solely on an ex parte statement by the opposing party denied this Petitioner due process of law. * * *"

This type of an original habeas corpus proceeding is within the narrowly confined jurisdiction granted to courts of civil appeals by statute in 1969.[1] In this connection see an article entitled "Original Habeas Corpus Proceedings in the Courts of Civil Appeals" by Chief Justice T. C. Chadick of this court, Texas Bar Journal, Vol. 33, No. 3, p. 183, March, 1970.

Under factual statements shown in relator's brief, which have not been challenged, we hold that the relator Gussie Arledge was illegally restrained of her liberty and that she is entitled to be discharged from restraint and released from her bond. In this connection see authorities cited and referred to in an article entitled "Habeas Corpus Proceedings in the Supreme Court of Texas" by Associate Justice Joe Greenhill of the Texas Supreme Court, and Martin O. Beirne, Jr., in St. Mary's Law Journal, Volume 1, Number 1, Spring 1969, p. 1 to 21 inc., and we call particular attention to that portion of said article entitled "Requirement of Notice", p. 18 to 21, inc. Also in this connection, see 12 Tex.Jur.2d, Contempt § 48, p. 524, which reads in part as follows:

"Courts are without power to summarily punish for contempt not committed in the presence of the court. Due process of law demands that the accused should have notice of the charges directed against him, and be given reasonable opportunity to meet them by way

---

1. Tex.Laws 1969, Ch. 96, § 1 at 249. "'Whenever any person is restrained in his liberty within a supreme judicial district, the court of civil appeals of such district, or any of the justices thereof, shall have concurrent jurisdiction with the supreme court to issue the writ of habeas corpus whenever it appears that such restraint of liberty is by virtue of any order, process, or commitment issued by any court or judge on account of the violation of any order, judgment, or decree theretofore made, rendered, or entered by such court or judge in a divorce case, wife or child support case, or child custody case. Said court or any justice thereof, pending the hearing of application for such writ, may admit to bail any person to whom the writ of habeas corpus may be so granted.'"

of defense or explanation. The defendant is entitled to controvert the allegations made against him and to have their merits investigated. A final judgment entered against him is void if rendered without apprising him of the matters alleged and an opportunity to controvert them. \* \* \*"

It is ordered that relator (and her sureties) be immediately released from her bond and that relator be immediately discharged from the restraint complained of in her original petition for habeas corpus.