Ex parte Edward Regis LIMOGES.

No. 12359.

Court of Civil Appeals of Texas, Austin.

Aug. 13, 1975.

Rehearing Denied Aug. 20, 1975.

Mike Barclay, Dallas, for relator.

John P. Jones, Domestic Relations Office, Travis County, Austin, for respondent.

O'QUINN, Justice.

This is an original habeas corpus proceeding filed in this Court by Edward Regis Limoges who seeks his discharge from custody of the sheriff of Travis County. Upon presentation of Relator's application on July 10, 1975, this Court directed issuance of the writ and ordered release of Relator upon his posting the bond fixed by this Court.

Relator was found guilty of contempt by the court below, and penalty for that contempt was "set at a fine of $500 plus six months in jail." Grounds for the contempt order, as stated by the court from the bench at the conclusion of the contempt hearing on July 10, 1975, appear to be twofold. The first ground rests on Relator's failure to comply with an order contained in a divorce

decree of March 17, 1972, directing Relator, as defendant in that suit, to pay $30 per week, beginning March 24, 1972, for support of a minor child. The second ground stated by the court is that Relator, after being served in Dallas County with "notice of this proceedings" on "May 21, 1975, at 7:17 p. m. . . . has made no effort to contribute support" between that date and the date of hearing.

In the hearing before this Court, held July 23, Relator attacked the contempt order on several grounds, stated under three points of error.

The first two points are directed to errors found in the proceedings below between issuance of notice to Relator on April 29, 1975, and the end of the hearing on July 10. Although not without merit, these points assign errors of less gravity than the error attacked by the third and last point.

Under the third point of error, which we will sustain, Relator urges that the district court did not have jurisdiction to enter an *in personam* judgment in the divorce case in 1972, ordering payment of money for child support, and the contempt order therefore was void.

The record shows that Relator was married to Kathi Kinzie Limoges about June 19, 1970, and that the couple separated about the middle of the following January, 1971. A child of the marriage was born later, on June 5, 1971, and thereafter Mrs. Limoges filed suit for divorce, for custody of the child, and for child support. Service on Relator was by publication only, early in 1972, and in the final judgment entered March 17, 1972, Mrs. Limoges was granted a divorce, obtained custody of the child, and Relator was ordered to pay $30 a week as child support.

Relator testified at the hearing, and in his original brief in this Court asserts, that after he and Mrs. Limoges separated early in 1971, he left this state and did not return to Texas until sometime in 1973; that at the time of service by publication in the divorce suit Relator was not a resident of Texas, nor was he domiciled in this state; and that he had no actual notice of the petition for divorce until May of 1975, after he was served with notice to appear and show cause in the contempt proceedings. These statements have not been challenged by any opposing party and will be accepted by this Court as correct. Rule 419, Texas Rules of Civil Procedure; Ex parte Arledge, 459 S.W.2d 941 (Tex.Civ.App.Texarkana 1970). The judgment in the divorce suit shows the Relator appeared only by counsel appointed by the court.

■ Constructive service on a nonresident, such as service by publication, will not confer jurisdiction on a court to enter a personal judgment against a party, as opposed to a judgment *in rem*. An action *in personam* seeks to establish personal liability, whereas a judgment *in rem* declares only the status of a person or thing. See Words and Phrases; *Jones v. Teat*, 57 S.W.2d 617, 620 (Tex.Civ.App.Texarkana 1933), affmd., 126 Tex. 480, 89 S.W.2d 987.

The rule is stated in American Jurisprudence in this language: "A personal judgment based on constructive or substituted service on a nonresident who does not appear or otherwise assent to such mode of service is contrary to due process of law, and is not valid either in the state where rendered or elsewhere. This doctrine applies to all kinds of constructive or substituted process, whether service by publication, or personal service beyond the jurisdiction in which the judgment is rendered." 62 Am.Jur.2d Process, sec. 77, p. 858 (1972).

The doctrine has been applied by Texas courts in cases involving judgments awarding child support. *Woodworth v. Woodworth*, 277 S.W.2d 828 (Tex.Civ.App.Beaumont 1955, no writ); *Risch v. Risch*, 395 S.W.2d 709 (Tex.Civ.App.Houston 1965, writ dism'd), cert. den., 386 U.S. 10, 87 S.Ct. 881, 17 L.Ed.2d 703. See also *Grubbs v. Grubbs*, 164 S.W.2d 216 (Tex.Civ.App.San Antonio 1942, no writ).

■ The district court had jurisdiction in 1972 to enter judgment of divorce and to award custody of the child to Mrs. Limoges, but service by publication did not confer jurisdiction of Relator, then a nonresident, to support a money judgment against him for child support. *Armstrong v. Armstrong,* 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705, 715; *Vanderbilt v. Vanderbilt,* 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456, 1459. In *Vanderbilt* the Supreme Court stated, "It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."

Insofar as the judgment in 1972 attempted to require Relator to pay child support it was void, and Relator may not now be held in contempt for failure to make such payments. At the outset of the hearing in the court below Relator sought to quash the motion for contempt and to obtain a reformation of the divorce judgment to provide for payments of child support to commence at once. The trial court rejected Relator's offer and stated, "The motion to quash is considered to be an attack, a collateral attack on the judgment which I refuse." Near the end of the hearing the trial court stated, ". . . this is an exercising [exercise in] futility anyhow, anything like this is a direct attack, collateral attack on the judgment entered in 1972, which the Court feels is immaterial and irrelevant. It can't be attacked and can't be imputed [impugned]."

Before this Court counsel for Respondent has taken the position that "Relator's attack on the divorce decree constitutes a collateral attack. Where all proceedings in the trial court which entered the decree of divorce were regular, the decree is not subject to attack except by direct means." In support of this position, counsel relies on *Hartel v. Dishman,* 135 Tex. 600, 145 S.W.2d 865, 870 (1940), which is not in point.

The petition for divorce alleged, "Respondent's whereabouts are unknown." The judgment recited, ". . . the Respondent, having been duly served and legally

cited by publication in the manner and for the time required by law, appeared by . . . an attorney appointed by the Court to defend this suit in his behalf." It is clear from the judgment that Relator, as defendant in that suit, made no personal appearance after being cited by publication.

■ When proceedings were instituted to enforce the judgment, by motion to hold Relator in contempt for nonpayment of child support, Relator was entitled to show want of jurisdiction to impose on him a judgment *in personam.*

The Supreme Court very early held that want of jurisdiction ". . . may always be set up when a judgment is sought to be enforced or any benefit claimed under it; and this is not inconsistent with the principle which forbids the impeachment or contradiction of a record." *Fitzhugh v. Custer,* 4 Tex. 391 (1849). The rule appears to be fairly universal, as stated in American Jurisprudence: "The general rule is that the absence of jurisdiction of a court to render a particular judgment constitutes sufficient cause for a collateral attack upon the judgment whenever it is sought to be enforced, or in any suit in which its validity is drawn into question, whether the absence of jurisdiction is in regard to the subject matter, the parties, or, in proceedings in rem, the res." 46 Am.Jur.2d Judgments, sec. 657, pp. 812–13 (1969). Texas cases in which the doctrine is recognized include *Switzer v. Smith,* 300 S.W. 31, 32 (Tex.Comm'n App. 1927, jdgmt. adopted); *Reistino v. Chandler,* 156 S.W.2d 1008 (Tex.Civ.App.Waco 1941, no writ); *Farmers' National Bank v. Daggett,* 2 S.W.2d 834 (Tex.Comm'n App. 1928, jdgmt. adopted); *Childers v. Johnson,* 143 S.W.2d 123 (Tex.Civ.App.Austin 1940, no writ).

■ In all instances, when the record affirmatively reveals a jurisdictional defect, as it does in this case, successful collateral attack may be made. *White v. White,* 142 Tex. 499, 179 S.W.2d 503 (1944); *Cox v. Campbell,* 257 S.W.2d 462 (Tex.Civ.App.Dallas 1953, writ ref.).

In sustaining Relator's third point of error and holding that the judgment of 1972 is void, insofar as it sought to impose upon Relator a judgment *in personam* for the payment of money, and may not be enforced by punishment for contempt, we do not reach the other grounds relied on by Relator, since full relief must be granted him for the reasons stated under the third point. *Ex parte Holden*, 144 Tex. 295, 190 S.W.2d 485 (1945).

It is the order of this Court that Relator be discharged from the contempt judgment and that Relator's sureties be released from liability on his bond. It is further ordered that the fine of $500 imposed on Relator be remitted.