**Ex parte Leon G. WOOD, Jr.**

**No. 17519.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 11, 1979.

---

Albert S. Low, Jr., Houston, for appellant.

Nell H. Holloway, Houston, for appellee.

WARREN, Justice.

This is an original habeas corpus proceeding in which relator alleges, among other things, that he is being illegally confined because (1) the support order on which the court based its contempt order is void, and (2) the court refused to allow him to present his defense to the Motion for Contempt.

On these two grounds, we grant the writ and order that relator be discharged from custody.

Dona Dale Wood, the wife of relator, filed suit for divorce on May 25, 1978. On May 30th, she filed an unverified motion for substituted service under Rule 106(e), Tex. R.Civ.Proc., alleging that her husband was on leave from his job in Saudi Arabia and would be in Houston only for a short period of time; thus it was necessary to serve him immediately. The trial court entered an order authorizing service by any disinterested adult, but did not name the person authorized to effect such service. On May 31, Kenneth Gray served a copy of the petition and notice to show cause on relator. The Show Cause hearing was set for July 10,

1978. Relator did not appear at the hearing and the court entered a temporary order requiring, among other things, that relator pay $2,000 per month temporary alimony.

On July 27, 1978, relator filed an answer, a motion to set aside the temporary orders and other requests for temporary relief. The allegation that service was defective was not brought to the attention of the trial court until relator filed his response to Petitioner's Motion for Contempt on May 22, 1979. Prior to the contempt hearing, this contention was overruled and relator was found to be in contempt of the temporary order of July 17, 1978.

Rule 106, Tex.R.Civ.Proc., provides in part:

> Where it is impractical to secure service, as authorized by (a) or (b) as above directed, the court, upon motion, may authorize service
>
> \*   \*   \*   \*   \*   \*
>
> (e) by any disinterested adult named by the court in its order . . . ..

The order did not name a disinterested adult.

Texas courts have insisted on strict compliance with the rules in order to obtain in personam jurisdiction by substituted service. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Texaco, Inc. v. McEwen*, 356 S.W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.).

If a state statute or rule of court prescribes the method by which notice must be given in a particular instance and it prescribes the form of notice that must be given in such instance, then the method prescribed by the statute or rule for giving notice is generally held to be exclusive and the form prescribed must be followed with reasonable strictness. This is true even though it is proved or stipulated that actual notice was received. *Scucchi v. Woodruff*, 503 S.W.2d 356 (Tex.Civ.App.—Ft. Worth 1973, no writ).

Rule 106(e) specifically provides that the service is to be effected by any disinterested adult named by the court in its order. A failure to name the disinterested adult is fatal to the acquisition of in personam jurisdiction under this subsection of Rule 106.

After petitioner (Dona Wood) in the trial court rested, the court found relator herein to be in contempt and ordered the bailiff to take him into custody. In response to relator's objection that he was not being allowed to present his defense, the court instructed counsel to take the court reporter out of the courtroom and make a bill of exceptions. There is nothing in the record to indicate that this was done.

Due process as guaranteed by United States Constitution, amendment Five and by Texas Constitution, Art. 1, Section 19, requires that one charged with contempt be accorded the opportunity not only to establish a complete defense, but to offer evidence and argument in extenuation of his offense and in mitigation of the penalty. *Ex parte Ratliff*, 117 Tex. 325, 3 S.W.2d 406 (1928). In *Ex Parte Holden*, 144 Tex. 295, 190 S.W.2d 485 (1945), a case similar to ours, the Supreme Court released relator because he was not allowed to give testimony in defense of the contempt charge and in mitigation of the punishment.

The other contentions asserted by relator have been considered and are overruled.

The relator is discharged.

PEDEN and EVANS, JJ., also sitting.