207 S.W.3d 434 (2006)
In the Interest of A.B. & G.B., Minor Children.
No. 05-05-01642-CV.
Court of Appeals of Texas, Dallas.
November 14, 2006.
*436 Michael D. Becker, Asst. Atty. Gen., Rhonda Amkraut Pressley, Office of Atty. Gen. and John B. Worley, Child Support Division, Austin, for Appellant.
George Barrera, The Colony, for Appellee.
Before Justices BRIDGES, FITZGERALD, and LANG.

OPINION
Opinion by Justice LANG.
The Office of the Attorney General of Texas appeals the trial court's sua sponte dismissal of the Attorney General's child support enforcement suit against George Barrera. Barrera did not file a brief in this appeal.
The Attorney General brings two issues on appeal: (1) the trial court's collateral attack on the jurisdiction of the original 1981 divorce decree and order to pay child support "fails" because the record does not affirmatively show that service by publication on Barrera was invalid, and (2) the trial court abused its discretion by sua sponte dismissing the Attorney General's suit after Barrera made a general appearance and consented to the court's personal jurisdiction.
For the reasons stated below, we reverse the trial court's order of dismissal and remand to the trial court for further proceedings consistent with this opinion.

I. FACTUAL AND PROCEDURAL BACKGROUND
On November 24,1980, Gloria Barrera, the mother of the minor children A.B. and G.B., filed for divorce from George Barrera.[1] The divorce petition, filed in the 254th District Court, against Barrera stated he was a resident of Dallas County and he should be served at his employer's address in Richardson, Texas. The original service of process was returned unexecuted and stamped, "Return to court per plaintiff's request, unable to locate in Dallas County after diligent search." In accordance with the rules, Mrs. Barrera filed an affidavit seeking citation by publication. She swore she had exercised due diligence to locate Barrera's whereabouts, but had been unable to do so. Thereafter, Barrera was served by publication, and did not appear in the divorce proceeding. The trial court appointed an attorney ad litem to represent Barrera and he filed a general denial on Barrera's behalf. However, the trial court, in the case now on appeal, concluded in his October 4, 2005, finding of fact and conclusions of law, that the attorney ad litem, in the divorce proceedings, did not appear or file an answer.
In the original divorce proceeding, the trial court signed a final decree of divorce dated June 19, 1981. The decree of divorce stated the trial court had jurisdiction over all the parties, and ordered Barrera to make monthly child support payments.
In 1992, the court ordered the child support payments, including any arrearage, to be paid to the Office of the Attorney General. In 2005, pursuant to Texas Family Code Chapter 231, the Attorney General filed a motion claiming a child support arrearage of $67,059.12 and sought to reduce the unpaid child support to judgment. Upon being duly served *437 with this motion, Barrera's counsel filed a pleading that included special exceptions, a motion to strike evidentiary facts from pleadings, a motion to dismiss, and an answer to the Attorney General's motion to reduce unpaid child support to judgment. No question was raised by Barrera in those pleadings regarding whether the court had personal jurisdiction over him. Thereafter, Barrera filed a motion for no-evidence summary judgment. He asserted that the child support order in the original decree of divorce was unenforceable because it named Barrera as both managing and possessory conservator and contained no "step down" language to account for the youngest child, G.B.
During the May 26, 2005 hearing, regarding Barrera's motion for no-evidence summary judgment, the trial court, sua sponte, raised the issue of whether it had personal jurisdiction over Barrera to enter a child support order. The trial court expressed concern that there was no personal jurisdiction because service of process in the underlying divorce decree was obtained through citation by publication. Then, the trial court requested the parties to submit briefs on the issue. Barrera's brief argued generally the trial court lacked personal jurisdiction to issue a personal judgment against a defendant served by publication. Barrera did not contend he was a non-resident of Texas. However, the Attorney General argued in his brief the cases cited by Barrera supported an absence of personal jurisdiction to issue a personal judgment against a defendant only when service by publication was upon a non-resident defendant. Therefore, the Attorney General asserted those cases were inapplicable to this case because Barrera was alleged to be a resident of Texas.
On June 6, 2005, after receiving briefing by the parties, the trial court held a hearing regarding the issue of personal jurisdiction. The trial court concluded it lacked personal jurisdiction to issue a child support order against Barrera. In support of its ruling, the trial court announced, "I am going to rule that I don't believeI have never granted in any publication child support, nor am I ever aware of child support being granted in a publication under the general theory that you have to have personal jurisdiction over an individual to assign debt."
The trial court's findings of fact and conclusions of law in pertinent part found:
"3. In the underlying default Decree of Divorce, there was a finding by the Court that Respondent, George Barrera, was served by publication and did not appear."
"4. In the underlying default Decree of Divorce, an attorney ad litem was appointed by the court to represent Respondent. The attorney ad litem did not file an answer nor appear for the final hearing."
"11. After hearing the arguments from both parties, the Court found that it did not have personal jurisdiction over Respondent when it rendered its order regarding child support and dismissed the case for lack of personal jurisdiction over Respondent."
The Attorney General's motion for new trial was denied.

II. PERSONAL JURISDICTION
In two issues, the Attorney General claims the trial court collaterally attacked the final decree of divorce by questioning the trial court's personal jurisdiction over Barrera in the 1981 divorce proceeding. Specifically, the Attorney General argues personal jurisdiction could only be subject to challenge if Barrera was shown to have been a non-resident of Texas when he was served by publication.
*438 A. Standard of Review
Whether a court has personal jurisdiction over a defendant is a question of law. Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 805-806 (Tex. 2002), cert. denied, 537 U.S. 1191, 123 S.Ct. 1271, 154 L.Ed.2d 1025 (2003). In resolving this question of law, a trial court must frequently resolve questions of fact. Coleman, 83 S.W.3d at 806 (citing BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.2002)). Appellate courts review the trial court's factual findings for legal sufficiency and review the trial court's legal conclusions de novo. BMC Software, 83 S.W.3d at 794; Hotel Partners v. Craig, 993 S.W.2d 116, 120 (Tex.App.-Dallas 1994, writ denied). If the trial court enters findings of fact and conclusions of law, the appellant may challenge them on factual sufficiency grounds. Id.; Hotel Partners v. KPMG Peat Marwick, 847 S.W.2d 630, 632 (Tex.App.-Dallas 1993, writ denied). When a factual sufficiency challenge is advanced the court must examine all the evidence. Carone v. Retamco Operating, Inc., 138 S.W.3d 1, 7 (Tex.App.-San Antonio 2004, pet. denied); Leon Ltd. v. Albuquerque Commons Partnership, 862 S.W.2d 693, 705 (Tex.App.-El Paso 1993, no writ). The court may set aside a finding only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986); Carone, 138 S.W.3d at 7. When there is a legal sufficiency challenge, if there is more than a scintilla of evidence to support the questioned finding the no evidence point fails. BMC Software, 83 S.W.3d at 794; see also City of Keller v. Wilson, 168 S.W.3d 802 (Tex.2005).
B. Applicable Law
One method of substituted service, provided by the Texas Rules of Civil Procedure, is citation by publication. See TEX.R. CIV. P. 109. "The general rule is that the legislature in its discretion may prescribe what notice shall be given to a defendant in a suit, subject to the condition that the notice prescribed must conform to the requirement of due process of law. The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests." Sgitcovich v. Sgitcovich, 150 Tex. 398, 241 S.W.2d 142, 146 (1951), cert. denied, 342 U.S. 903, 72 S.Ct. 291, 96 L.Ed. 676 (1952).
Claims for child support and visitation expenses are like claims for debt in that they seek a personal judgment establishing a direct obligation to pay money. In the Interest of S.A.V., 837 S.W.2d 80, 83 (Tex.1992). Therefore, a valid judgment for child support or visitation expenses may be rendered only by a court having jurisdiction over the person of the defendant. Id. (citing Kulko v. Superior Court of California, 436 U.S. 84, 91, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)). However, personal jurisdiction, unlike subject matter jurisdiction, can be conferred by consent or waiver. Drake v. Trinity Universal Ins. Co., 600 S.W.2d 768, 772 (Tex.1980).
Personal service is always necessary if a judgment in personam is to be rendered against a non-resident of the state, but it is a well recognized rule of law that the Texas Supreme Court may make rules authorizing a personal judgment against a resident citizen on the basis of constructive or substituted service. Sgitcovich, 241 S.W.2d at 146; See also Ex Parte Limoges, 526 S.W.2d 707, 708 (Tex. Civ.App.-Austin 1975, orig. proceeding)(holding service by publication will not confer jurisdiction on a court to enter a personal judgment requiring father, a non-resident, to pay child support). A judgment cannot be held void because service *439 was by publication unless the residence of the defendant outside the state of Texas is affirmatively shown. Stockyards Nat'l Bank v. Presnall, 109 Tex. 32, 194 S.W. 384, 384 (1917); Martin v. Burns, 80 Tex. 676, 16 S.W. 1072, 1072-73 (1891).
The Attorney General contends the raising of the issue of personal jurisdiction sua sponte by the trial court was an improper collateral attack on the 1981 decree of divorce. "It is the settled law of this state that where a judgment is collaterally attacked, plain jurisdiction recitals contained therein must be accorded absolute verity." Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, 934 (1935). Further, the exclusive remedy available to attack a divorce decree is a bill of review. In the Interest of Moragas, 972 S.W.2d 86, 89 (Tex.App.-Texarkana 1998, no pet.); Joiner v.Vasquez, 632 S.W.2d 755, 757 (Tex.App.-Dallas 1981, no writ) cert. denied, 464 U.S. 981, 104 S.Ct. 422, 78 L.Ed.2d 357 (1983).
C. Application of Law to Facts
Although the Attorney General challenges the trial court's sua sponte dismissal of the child support enforcement suit against Barrera in two issues, we address them together. The Attorney General argues personal jurisdiction could only be subject to challenge if Barrera was shown to have been a non-resident of Texas when he was served by publication in the original divorce proceeding. We agree.
The record reflects the original service of process was returned unexecuted and Mrs. Barrera filed an affidavit seeking citation by publication. She swore she had exercised due diligence to locate Barrera's whereabouts, but had been unable to do so. Thereafter, Barrera was served by publication, and did not appear in the divorce proceeding. The trial court appointed an attorney ad litem to represent Barrera, who filed an answer for him. The 1980 divorce petition expressly stated Barrera was a Texas resident and he should be served at his employer's address in Richardson, Texas. There is no evidence that Barrera was a non-resident of the State of Texas at the time of service by publication in the underlying divorce proceeding or at the time of the enforcement proceeding.
Under Texas law, service of process through citation by publication will not confer jurisdiction on a court to enter a personal judgment against a non-resident. See Ex Parte Limoges, 526 S.W.2d at 709. However, substituted service under the citation by publication rule is proper against a resident. See TEX.R. CIV. P. 109; Sgitcovich, 241 S.W.2d at 146. Personal jurisdiction, unlike subject matter jurisdiction, can be conferred by consent or waiver. Drake v. Trinity Universal Ins. Co., 600 S.W.2d at 772.
Contrary to the findings by the trial court in the enforcement proceeding, the ad litem in the divorce proceeding filed an answer and even filed an a general denial on Barrera's behalf. No claim was raised by the ad litem that the trial court lacked personal jurisdiction. Further, Barrera did not raise the issue in the subsequent enforcement proceeding. Moreover, jurisdiction recitals must be accorded absolute verity. Pure Oil, 78 S.W.2d at 934. The 1981 decree of divorce reveals no lack of jurisdiction and recites that Barrera was duly and properly cited. Therefore, the underlying decree of divorce was not subject to attack by the trial court or Barrera in the subsequent enforcement proceeding.
The conclusions of the trial court that it lacked personal jurisdiction over Barrera in the enforcement proceeding brought by the Attorney General are not supported by the record. The court's dismissal is not *440 supported by legally sufficient evidence and is in error as a matter of law.

III. CONCLUSION
We conclude the trial court's findings of fact that it had no jurisdiction over Barrera are not supported by legally sufficient evidence. Accordingly, the trial court erred in its dismissal of the Attorney General's child support enforcement suit against Barrera. We reverse the trial court's final order and remand this cause with instructions that the order of dismissal be set aside and the cause be reinstated on the court's docket for further proceedings consistent with this opinion.
NOTES
[1] Gloria Barrera is not a party to this appeal.