Mrs. E. D. FULLER, as Next Friend of Elsie R. Rucker, Appellant,

v.

H. L. MIDDLETON, Appellee.

No. 17106.

Court of Civil Appeals of Texas, Fort Worth.

April 3, 1970.

Rehearing Denied May 8, 1970.

G. Gordon Whitman, Fort Worth, for appellant.

Owens & Fortney, and Richard Owens, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

A take-nothing judgment was rendered upon the defendant's Motion for Summary Judgment in Cause No. 56,240–C, and the plaintiff appealed. Plaintiff was Mrs. E. D. Fuller, as next friend of Elsie R. Rucker. Defendant was H. L. Middleton.

Background of the case included a prior judgment in Cause No. 52,430–C, in the same trial court, rendered July 17, 1968. Plaintiff in that case was Mrs. J. W.

Rucker, a widow. She is the same person as Elsie R. Rucker in the instant case, for whom Mrs. E. D. Fuller sued as next friend. Cause No. 56,240–C was filed on April 7, 1969.

Cause No. 52,430–C was a suit for an injunction against persons whom we may treat as identical to the defendant in the instant action. Said suit was to enjoin the sale of certain real estate. Such real estate was that of Mrs. Rucker, which at time of such suit had been advertised for sale by a trustee under authority of her Deed of Trust. An allegation in her pleading read, as follows: "Plaintiff says that the aforesaid note and deed of trust, and particularly the inclusion of her homestead therein, were induced by the fraud of defendants, were without sufficient consideration, and that plaintiff was, on April 5, 1967 (when the instruments were executed), incompetent to execute any valid or binding legal obligation and incapable of entering into the transactions hereinbefore described. * * *"

The defendants filed a cross-action in 52,430–C. The cross-action was their suit in Trespass to Try Title to real estate. The real estate was the same as that described in Mrs. Rucker's Deed of Trust. That case came on for trial on July 11, 1968. Mrs. Rucker, the plaintiff, appeared by attorney, but failed to appear in person. Her attorney filed a Motion for Continuance, which was by the court overruled. When this occurred her attorney took a non-suit as applied to the action filed in her behalf. The defendants demanded trial on their cross-action. A jury being waived the court proceeded to try the defendants' action in Trespass to Try Title, with attorney for Mrs. Rucker participating. Following such trial judgment was rendered in behalf of the defendants on their cross-action (as cross-plaintiffs) granting them title to realty which was described in their pleadings and in the judgment (as opposed to Mrs. Rucker). A Motion for New Trial was filed on her behalf but no appeal was perfected and the trial court's judgment became final.

As of the time 52,430–C was called for trial and Plaintiff's Motion for Continuance was filed, no service of process had ever been had on the defendants' cross-action which presented their Trespass to Try Title action against Mrs. Rucker. Mrs. Rucker took her non-suit upon the court's refusal of her Motion for Continuance. In such situation, it is held, all parties, and issues made by existing pleadings, are before the court and the court is vested with jurisdiction to proceed and render final judgment upon the case made by the cross-action. Evans v. McNeill, 41 S.W.2d 268 (Austin Tex.Civ.App., 1931, writ dismissed). Under such circumstances a plaintiff who took the non-suit cannot say in a suit thereafter brought that he (or she) did not know of the cross-action and issues made thereby. There is no necessity for service of citation upon a cross-action when the defendant in cross-action thereafter makes an appearance in the case.

Under the circumstances existent at time of the trial of 52,430–C issues made and presented and decided thereby— and every other matter which the parties might have litigated therein and might have had decided by the court—must be held conclusive upon the rights of the parties, should the same issue (or one which might have been therein litigated) be presented in a subsequent suit. Such principle of law has application to a Trespass to Try Title case save in instances where exceptions are shown existent. Trigg v. Whittenburg, 129 S.W.2d 472 (Amarillo Tex.Civ.App., 1939, error refused) and cases cited, especially Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am.St.Rep. 79 (1894). No such exception exists in the instant case. It is inferred, if not expressly held in First Baptist Church of Ft. Worth v. Baptist Bible Sem., 162 Tex. 441, 347 S.W.2d 587, 592 (1961) that a person in the position of Mrs. Rucker could have had her equitable right tried in the Tres-

pass to Try Title case if she had filed pleadings raising it. 56 Tex.Jur.2d p. 210, "Trespass to Try Title", Sec. 95, "Answer seeking affirmative relief"; p. 233, Sec. 113, "—Effect of special plea on defensive matters"; Ayres v. Duprey, 27 Tex. 593 (1864); and 41A Tex.Jur., p. 630, "Trespass to Try Title", Sec. 103, "Necessity for Special Plea."

Mrs. Rucker, through her next friend on the instant appeal (from 56,240–C) contends that her suit as originally filed in 52,430–C could not have been litigated along with and at the same time as the cross-plaintiffs' action in Trespass to Try Title. She cited cases as authority. We cannot agree with plaintiff upon the applicability of Neill v. Pure Oil Co., 101 S.W. 2d 402 (Dallas Tex.Civ.App., 1937, error refused) and Harrison v. Craddock, 178 S. W.2d 296 (Galveston Tex.Civ.App., 1944, no writ history). The holding upon which plaintiff relies, as made in the cited cases, is that an insane grantor or his heir would not have the remedy to recover the land by a suit in Trespass to Try Title to real estate, but must first (in a prior action) avoid the deed of the insane person by an action to rescind it, at least where the entire title is conveyed. These cases do *not* hold that when he who was the insane grantor, or his heir, etc., is sued by the grantee of such deed, etc. in an action brought by the latter in Trespass to Try Title there is any want of authority for the former to either defend on the ground of voidability of the deed or to assert in the same suit the entitlement to rescind and have the deed set aside because of the want of mental competency. The cases are *not* authority that there was any want of jurisdiction in the trial court under 52,- 430–C to litigate the cause of action therein originally brought by Mrs. Rucker (but as to which she took a non-suit) merely because the defendants filed and prosecuted their cross-action in Trespass to Try Title under the same numbered cause.

▮ In view of what we have stated, we hold that judgment in 52,430–C is *res ad-*

*judicata* of the title to the property in question as between the defendants and Mrs. Rucker, subject to direct attack made by subsequent suit.

In the instant case, No. 56,240–C, the plaintiff, Mrs. E. D. Fuller, as next friend of Elsie R. Rucker, necessarily took the position that there was voidability in the judgment in 52,430–C, and that the second suit was one directly attacking the same. The ground of attack was the allegation of mental incompetency of Mrs. Rucker at all material times, beginning prior to date the Deed of Trust was executed and continuing until the date such suit was filed, April 7, 1969.

▮ The pleadings in 56,240–C did not attempt to comply with the requisites made in instances of Bills of Review. See Johnson v. Potter, 384 S.W.2d 747 (Tyler Tex.Civ.App., 1964, no writ history). Of course, in a case decided on a motion for summary judgment the trial court is bound to look "through and beyond the pleadings" in the determination of whether there is an absence of any issue of fact to be tried. In view of that principle of law we do not believe that the state of the pleadings would foreclose Mrs. Rucker. What would be important would be the affidavits and counter affidavits, if any, and of these there were none as applied to any fact extrinsic to the prior proceedings of 52,430– C, nor as applied to any date after the judgment therein became final.

In this particular case no matter occurring subsequent to 52,430–C would be of any consequence, either upon a motion for summary judgment or upon the case tried on its merits. Thus it is apparent that the only matters material to a trial of 56,240–C could be evidence extrinsic in its nature having application to Mrs. Rucker's mental capacity at and prior to the judgment in 52,430–C.

Such proof would have analogy to proof of fraud in a case in which extrinsic fraud inducing the entry of a judgment is advanced as a ground for setting such judg-

ment aside. In Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 97 (1940), the Supreme Court wrote relative to such type of fraud in a manner which would have application to a like situation as applied to a plaintiff's mental incompetency, as follows: "Fraud is classified as intrinsic or extrinsic. Included in the term 'intrinsic fraud' are false testimony, fraudulent instruments, and any fraudulent matter that was presented and considered in rendering judgment. Intrinsic fraud does not furnish a ground, in an independent suit brought for that purpose, for setting aside a judgment. Fraud must be extrinsic to justify the setting aside of a judgment, and must be collateral to the matter tried, and not something which was actually or potentially in issue in the trial; unless the presentation of such defense was prevented by fraud, accident, or act of the opposing party, without fault or negligence of the party against whom the judgment was rendered."

At an earlier part of this opinion we have held that we are bound to consider as having been tried not only those issues made and presented to the court and decided in 52,430–C, but also every other matter which the parties might have litigated therein and might have had decided by the court; i. e., something which was actually or potentially in issue in that trial. To deny the right of the trial court to render Summary Judgment in the instant case would be obliged to hold that it was part of the burden of the defendant, as movant, to negate the fact that at a time material to the efficacy of the judgment in 52,430–C he knew that Mrs. Rucker was either a minor, a lunatic, or an idiot, and as such required the appointment of a *guardian at litem* if her rights were to be considered as foreclosed by the judgment rendered in that case.

■ We do not consider that there is any obligation, even under our summary judgment procedure, to make such proof as a prerequisite to that right to judgment. For a case of some analogy, though written before there was any provision for

summary judgment procedure, see Lissner v. State Mortgage Corporation, 29 S.W.2d 849 (San Antonio Tex.Civ.App., 1930, writ dismissed).

■ The presumption of the law is that every litigant is of sound mind, and it is no part of the burden of his adversary to prove the fact. In a case of summary judgment that same presumption of the law would obtain. Absent some allegation that at some material time there was notice given to such movant, or that knowledge existed in him, that the opposite party was legally incompetent, there would be no obligation to negate such matter. Here there was no such allegation.

Furthermore, and in any event, Mrs. Rucker's own pleadings in 52,430–C (before her non-suit was taken) alleged her "incompetency" as of a specific material date prior to that on which her suit was brought but not as of the time of the bringing of the suit, which she brought in her own name and not by a next friend. As such it constituted, at least as of the date alleged, a fact to be proved in 52,-430–C (if possible) by Mrs. Rucker.

We cannot agree with plaintiff upon the applicability of Bly v. Harvey, 397 S.W.2d 893 (Texarkana Tex.Civ.App., 1965, writ ref., n. r. e.). The contention is that upon taking the non-suit in Cause 52,430–C, Mrs. Rucker was not bound by the Trespass to Try Title judgment taken against her on the cross-action because she was of unsound mind.

In 52,430–C—at time of the entry of judgment—there was presumption, absent proof, that Mrs. Rucker was of sound mind. In Bly there was no presumption that the plaintiff was of sound mind—indeed Mrs. Bly's suit was filed for her by next friend because of her mental condition. The holding of the Texarkana court was that "A plaintiff of unsound mind, *represented at the time of judgment in a suit by next friend * * * when cast into the position of a defendant by a cross-action in the suit must be served with

citation * * * else the judgment rendered is voidable * * *." (Emphasis supplied.) In 52,430–C Mrs. Rucker was not represented by a next friend.

No part of the plaintiff's allegations (in 56,240–C) charged extrinsic fraud. The defendant, as movant for the Summary Judgment, was not obliged to make any showing of an absence of such. It is true that if one, knowing that another is mentally incompetent, takes advantage of such other to obtain a judgment he would properly be deemed to have perpetrated a premeditated fraud upon the incompetent. The judgment would be voidable on that ground. Pyle v. Pyle, 159 S.W. 488 (Amarillo Tex.Civ.App., 1913, no writ history). But such principle of law has no application to the instant controversy.

The only evidence to which reference under any theory could be had in support of plaintiff's case would necessarily be intrinsic rather than extrinsic. There being no availability of extrinsic evidence to support the claim—necessary to be made—of mental incompetency affecting the prior judgment against Mrs. Rucker in Cause No. 52,430–C, the trial court did not err in granting Summary Judgment.

Judgment is affirmed.