**PHB, INC., Appellant,**

v.

**Mrs. W. T. GOLDSMITH, Appellee.**

**No. 1294.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 25, 1976.

Rehearing Denied March 17, 1976.

John C. Werner, Werner & Rusk, Houston, for appellant.

Meyer Jacobson, Houston, for appellee.

CURTISS BROWN, Chief Justice.

This is a proceeding in the nature of a bill of review.

PHB, Inc. (PHB or appellant) filed a "Petition for Bill of Review" seeking to vacate a prior default judgment in which Mrs. W. T. Goldsmith (appellee) was awarded (as against PHB) title to and possession of certain real property. Mrs. Goldsmith's motion for summary judgment was granted by the trial court, and PHB has appealed.

The prior suit, styled "*PHB, Inc. v. Luke Bennett, et al,*" was a trespass to try title action instituted by PHB in 1970. Although no service was ever issued, Mrs. Goldsmith, one of the named defendants, filed an answer and counterclaim in 1974. By her counterclaim she sought title to and possession of the disputed property, and damages. On April 26, 1974 PHB took a voluntary non-suit. The dismissal order was in standard language, that "the above numbered and entitled cause be and the same is hereby dismissed without prejudice. . . . " On May 28, 1974 an "Amended Order of Dismissal" was signed purporting to set aside the earlier dismissal insofar as it concerned Mrs. Goldsmith. On June 10 PHB filed a disclaimer reciting that it has "no right, title or interest or claim of any kind or nature" in the property by reason of a conveyance to a third person. On June 24 another "Amended Order of Dismissal" was signed. After reciting that PHB's motion to dismiss "the above styled lawsuit is hereby granted as to defendant, MRS. W. T. GOLDSMITH . . . ", this last order stated that

the suit shall be continued insofar as Defendant, MRS. W. T. GOLDSMITH's Cross-Action is concerned, until the mat-

ter is concluded by further Order of this Court subject to Defendant, MRS. W. T. GOLDSMITH, initiating action as against some third party or parties.

No further action was taken until October 18, 1974, when a judgment was rendered awarding title to and possession of the property—but not damages—to Mrs. Goldsmith. The present suit was filed on March 12, 1975.

■ Since this was a bill of review proceeding, in order for appellant to have obtained relief it would have had to allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which it was prevented from making by the fraud, accident, or wrongful act of the opposite party, (3) unmixed with any negligence of its own. *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.Sup.1974); *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). Proof of an improper failure to serve appellant with citation could have obviated the necessity of pleading and proving the second requirement above. *Texas Industries, Inc. v. Sanchez,* 525 S.W.2d 870 (Tex.Sup.1975).

■ Appellant's first point of error asserts that the trial court's initial order of dismissal, dated April 26, 1974, became final before the first "Amended Order of Dismissal" was signed on May 28. It is argued that by its broad language the April 26 order disposed of all parties and issues, including appellee's counterclaim. Thus, rather than being an allegation of a meritorious defense, this point is an assertion that the trial court lacked the jurisdictional power to render its judgment of October 18, 1974. Where such an attack is made, a meritorious defense need not be alleged. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961).

■■ It is well settled that the taking by a plaintiff of a voluntary non-suit does not prejudice the right of an adverse party to be heard on his claim for affirmative relief. *Short v. Hepburn,* 89 Tex. 622, 35 S.W. 1056 (1896); *Fuller v. Middleton,* 453 S.W.2d 372 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *State v. Roberson,* 409 S.W.2d 872 (Tex.Civ.App.—Tyler 1966, no writ); Tex.R.Civ.P. 96, 164. Appellant could not, by its own motion to dismiss, have appellee's counterclaim dismissed. Therefore, the court did not lose jurisdiction of the counterclaim thirty days after its April 26 order. Appellant's first point is overruled.

■ Appellant's second and third points of error assert that at the time the October 18, 1974 judgment was rendered the trial court lacked jurisdiction of the person over appellant. Even assuming arguendo that this contention has merit, appellant in a proceeding in the nature of a bill of review still has the burden of alleging and proving a meritorious defense. *See McEwen v. Harrison, supra; Alexander v. Hagedorn, supra; Texas Industries, Inc. v. Sanchez, supra.*

■ Appellant's fourth point of error asserts that summary judgment was improper because there were genuine issues of material fact. Specifically, appellant points to its allegation that it has a meritorious defense to appellee's counterclaim. A summary judgment is proper only where the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.Sup.1970). We cannot agree that there is any genuine issue of fact regarding a meritorious defense. Appellant had disclaimed any interest in the property that was the subject of appellee's counterclaim. Therefore a judgment awarding title to the property to appellee as against appellant was proper, and appellant was thereafter estopped to claim any present interest in the property. *See Jansen v. Kelley,* 206 S.W.2d 856 (Tex.Civ.App.—Austin 1947, writ ref'd n. r. e.); *Canales v. Clopton,* 145 S.W.2d 933 (Tex.Civ.App.—San Antonio 1940, no writ); *Williams v. Humble Oil & Refining Co.,* 139 S.W.2d 346 (Tex.Civ.App. —El Paso 1940, writ dism'd jdgmt cor.).

It is to be noted that the so-called "disclaimer" of PHB did not constitute an unqualified confession of the appellee's cause of action. It was more in the nature of a denial of a present right of interest in the property and the lack of any claim because of a conveyance to a third party. The disclaimer reads in the ordinary way except that it adds "by reason of its conveyance of all of its right, title and interest in and to said property by deed dated December 6, 1972, recorded under File No. D–769796 of the Deed Records of Harris County, Texas, such conveyance being to Walter H. Phillips, Trustee." We are not to be understood that this disclaimer and the judgment based thereon would in any manner affect the rights of appellant's grantee. *See Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.Sup.1974); *Haltom v. McKinley,* 64 S.W.2d 1060 (Tex.Civ.App.—Texarkana 1933, writ dism'd). Insofar as appellant alone is concerned, however, the disclaimer and judgment based thereon established the lack of a meritorious defense and entitled appellee to judgment as to it. Therefore, the judgment of the trial court is affirmed.

Affirmed.