E. Raymond JENSEN et ux., Appellants,

v.

Paul H. KISRO, Appellee.

No. 16970.

Court of Civil Appeals of Texas, Houston (1st Dist.)

Dec. 15, 1977.

Rehearing Denied Jan. 19, 1978.

Bernard & Bernard, D. R. Bernard, Melissa Smith, Houston, for appellants.

Felton, Giddens & Luck, Dale W. Felton, Houston, for appellee.

PEDEN, Justice.

E. Raymond and Myra Jensen appeal from the trial court's refusal to set aside a former judgment. Their motion was based on the death of the plaintiff prior to judgment and failure to join his heirs or personal representative. The trial court held that under Rule 329b(5), Texas Rules of Civil Procedure, it lacked jurisdiction to determine the matter because more than thirty days had passed since judgment had been rendered. Appellants contend that the trial court's equitable powers give it jurisdiction to review their motion. We affirm.

Paul Kisro, now deceased, originally sued both Mr. and Mrs. Jensen for the value of bank stock sold by Mr. Jensen under a power of attorney which Mr. Kisro alleged had been terminated by its principal. Summary judgment was entered against both defendants. Mr. Jensen alone appealed. Although we reversed and remanded the cause as to him, *Jensen v. Kisro,* 547 S.W.2d 65 (Tex.Civ.App.1977, no writ), the judgment became final against Mrs. Jensen. Garnishment proceedings were then instituted in Mr. Kisro's name against Southmore Savings and Loan, and the trial court ordered Southmore to pay $25,200.76 into the registry of the court. This court was asked in Mr. Kisro's name to mandamus the district judge to enter a garnishment judgment in his favor, but we declined to do so.

In April, 1977, Mr. and Mrs. Jensen filed a motion to set aside the summary judgment rendered more than seven months earlier, stating that the plaintiff, Paul Kisro, was dead when the judgment was entered and that no suggestion of death had been filed. The motion was denied by the trial court "for the reason that this court has no jurisdiction over the matters in question, although a fundamental error does exist."

We agree with the dismissal of the motion for lack of jurisdiction. Rule 329b(5) provides:

"After the expiration of thirty (30 days) from the date judgment is rendered . ., the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law."

Appellants assert that their motion to set aside the judgment was in fact a petition for an equitable bill of review, relying on *Squyres v. Rasmussen,* 296 S.W. 977 (Tex. Civ.App.1927, no writ). It holds that the style of the motion will not defeat its effectiveness as a bill of review if the pleading contains the necessary allegations. Appellants' motion to set aside the judgment contained these:

"It has recently been discovered that Plaintiff, PAUL H. KISRO, was dead at the time of judgment in this cause. To date, attorneys for Plaintiff have failed to file a suggestion of death in this cause, and it was only pursuant to an inquiry made by Defendants that such death was discovered.

Accordingly, the parties were not properly before the Court at the time of judgment in this cause, and the final summary judgment rendered by this Court on August 26, 1976 should be vacated and set aside, and a new trial should be granted."

Since the judgment against Mr. Jensen had already been reversed and the cause remanded as to him, it was not neces-

sary for him to seek to have it set aside. For Mrs. Jensen to have made the necessary allegations for a bill of review, she was required to plead: 1) a meritorious defense to the cause of action alleged to support the judgment, 2) which she was prevented from making by the fraud, accident or wrongful act of the opposite party, 3) unmixed with any fault or negligence of her own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Appellants' motion presented none of these averments and was not an original proceeding filed as an independent action, stating a meritorious cause. It is, therefore, insufficient as a bill of review. *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705, 706 (1944).

■ Appellants also contend that the trial court lacked jurisdiction to proceed to judgment in August, 1976 because the plaintiff had died and his heirs or representative became indispensable parties. This is the holding in *Phillips v. Teinert,* 493 S.W.2d 584 (Tex.Civ.App.1973, no writ). Assuming that appellee's heirs or representative did become indispensable parties, Mr. and Mrs. Jensen were still required to attack the error by a proper bill of review. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961) stated:

> "Accordingly, we construe the emphasized provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it."

"Jurisdictional power," as used in the proceeding statement, applies to subject matter jurisdiction only; moreover, appellants' theory of lack of personal jurisdiction may only be advanced by a timely appeal or by a bill of review. *Deen v. Kirk,* 508 S.W.2d 70, 72 (Tex.1974). Since appellants did not pursue this remedy, the trial judge correctly ruled that he was without jurisdiction under Rule 329b.

Affirmed.