Carlos AGUIRRE et al., Appellants,

v.

**MOOR PARK INVESTMENT COMPANY, Appellee.**

No. 6732.

Court of Civil Appeals of Texas, El Paso.

July 19, 1978.

Rehearing Denied Aug. 16, 1978.

El Paso County Legal Assistance Society, Susan J. Munder, El Paso, for appellants.

Guevara, Rebe & Baumann, Andrew R. Guevara, Sal Rebe, Susan O. Bradshaw, El Paso, for appellee.

## OPINION

OSBORN, Justice.

Our Opinion of June 14, 1978, is withdrawn and the following Opinion submitted therefor.

This is an appeal from the granting of a writ of mandamus ordering the Sheriff of El Paso County to evict the occupants from certain apartments pursuant to writs of restitution issued by a Justice of the Peace in several forcible entry and detainer suits. We affirm.

The Appellee, Moor Park Investment Company, filed ten separate suits in Justice Court to obtain possession of ten separate apartments. Each suit was filed against "John Doe and all other occupants" of the particular apartments, being numbered 1 through 10, except as to Apartment No. 6, which was filed against Maria Barrionuevo and all other occupants. The occupants refused to open the doors and service was never obtained on any of these Appellants. Nevertheless, on June 1, 1977, a default judgment was noted on the Docket in each case, and the following day a written judgment was entered reciting that "the Defendants, John Doe and all other occupants, although being duly cited to appear and answer herein in terms of law, did fail to do so, and did wholly made [sic] default *  *." The occupant of Apartment No. 4 has enjoined the execution of the writ of restitution in another case and is not involved in this appeal. When the Sheriff refused to carry out the writs of restitution issued following the default judgments, this suit was instituted seeking a writ of mandamus. Notice of this suit was given to the occupants by posting a notice on the doors of the apartments. The only answer in the mandamus case was filed by Carlos Aguirre, occupant of Apartment No. 10. Following the entry of the order of mandamus, an appeal was perfected by the occupants of all of the apartments, except for Apartments Nos. 2 and 4.

In granting the writ of mandamus, the trial Court in effect refused to sustain a collateral attack upon default judgments issued out of a Court having subject matter jurisdiction of forcible entry and detainer suits in cases where the judgments recited valid service on the Defendants. This is in

accordance with the general rule that, in a collateral attack upon a final judgment, recitals in the judgment are considered conclusive on the issue of jurisdiction over the person, where the Court has jurisdiction over the subject matter. Texas may be the only State in which recitations in the judgment control the rest of the record, even when such record shows affirmatively a lack of jurisdiction. See Hodges, "Collateral Attacks on Judgments," 41 Tex.L.Rev. 499 at 532 (1963).

A leading case concerning attacks on default judgments is *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961). The opinion in that case by Chief Justice Calvert points up the controlling effect of recitals of service in a judgment where the Court has subject matter jurisdiction, and the necessity for a direct attack on such a judgment, either by a direct appeal, including a writ of error, or by a bill of review. In *Akers v. Simpson*, 445 S.W.2d 957 (Tex. 1969), that same Court said:

"* * * It is the firmly established rule in Texas that a defendant who is not served and who does not appear may not, as a matter of public policy, attack the verity of a judgment in a collateral proceeding; the jurisdictional recitals import absolute verity. [Cases cited] * * *"

But, unfortunately, the Appellee in this case did not choose to plead the validity of the default judgments and rely upon the conclusive recitals of service in the forcible entry and detainer cases and then, under the well established policy of this State, exclude all efforts to attack those judgments in this collateral proceeding. Instead, the Appellee attacked the judgments by both its pleadings and proof. In the application for writ of mandamus, it was alleged under oath:

"Plaintiff would further aver that the Sheriff of El Paso County, Texas has, upon demand of Plaintiff, on numerous occasions attempted to serve the Defendants herein with service of process in the forcible entry and detainer actions made the basis of Relator's Application for Mandamus herein, to no avail * * *."

The Appellee called as a witness the Justice of the Peace who entered the default judgments, and he identified the citations to these Appellants, and they were offered in evidence showing conclusively that service was never perfected. He said the Appellants did not appear for trial. He also testified:

"* * * Now, it's a pretty common occurrence, in many instances the Sheriff will serve citations, the majority of the instances, and the citations are not returned to my Court until sometime after the case has been heard. And this is what I assumed had occurred on this particular instances, when I did not have the citation before me. I had no reason to believe that anything else had happened.

* * * * * *

"A I state that if I granted default judgment that the reason I did was because I assumed that they had all been served, and I did not have the citations before me."

Rule 742, Tex.R.Civ.P., requires that the citation be returned to the issuing Justice on or before the day assigned for trial.

We have found no case where a party who attempts to rely upon a final judgment has conclusively proved its invalidity despite recitals to the contrary. There is no valid basis for following well established cases and policy considerations as to collateral attacks on final judgments in a case where the one relying upon such judgment proves its invalidity. There would be something basically wrong in permitting one who alleges under oath that there was no service on defendants, and who proves that fact, to have the benefit of a public policy in favor of a recital of valid service. Thus, we would be inclined to hold that in a collateral attack on a final judgment the recital of service of process is not conclusive when alleged and proven otherwise by the party relying upon such recital.

But such issue is not controlling in this case where the Appellants make a collateral attack upon a judgment entered by a Court having subject matter jurisdiction and pow-

er to enter the judgment which the Appellants now attack. Certainly, one who makes a collateral attack on a judgment does not have a less onerous burden than one making a direct attack.

In *McEwen v. Harrison, supra,* the Court said:

"* * * we construe * * * Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process. * * *

"* * * If a defendant in a suit negligently suffers a default judgment to be rendered against him by a court having the jurisdictional power to render it, or negligently permits it to become final, he should not be heard to say that the judgment is void. And if he has no meritorious defense to the suit, the setting aside of the judgment would be a vain act and a trespass on the time of the court. * * *"

 The pleading filed by the one Appellant in this case does not meet the necessary requirements for a bill of review. Those requirements include (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950); *Jensen v. Kisro,* 561 S.W.2d 216 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.); *PHB, Inc. v. Goldsmith,* 534 S.W.2d 196 (Tex.Civ. App.—Houston [14th Dist.]), writ ref'd n. r. e., 539 S.W.2d 60 (Tex.1976).

Our Supreme Court has made important distinctions between jurisdictional power or subject matter jurisdiction and jurisdiction over the parties in considering attacks on a judgment asserted to be void. See *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974); *Harris v. Logue,* 554 S.W.2d 168 (Tex.1977); *Wycough v. Bennett,* 510 S.W.2d 112 (Tex.Civ. App.—Dallas 1974, writ ref'd n. r. e.).

 In this case, had Appellants timely filed a motion for new trial in the Justice of the Peace case, they would have been confronted by the rules set forth in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939). Had they filed a bill of review, they would be subject to the requirements set forth in *Alexander v. Hagedorn, supra.* Having exercised no right to take a direct appeal, they may not accomplish the same result in a collateral attack where they meet none of the requirements of a direct attack.

The Appellee asserts that all of the occupants of the premises are trespassers. If this be so, then they would appear to have no meritorious defense to the forcible entry and detainer suit, and thus a valid reason for not taking a direct appeal with its attendant requirements.

We have considered all of the Appellants' points of error and they are all overruled. The judgment of the trial Court is affirmed.