William G. BLENKLE, Appellant,

v.

Deborah A. BLENKLE, Appellee.

No. 08–83–00353–CV.

Court of Appeals of Texas,
El Paso.

Aug. 8, 1984.

Rehearing Denied Sept. 5, 1984.

James T. Allen, Johnson, Allen & Serwatka, P.C., El Paso, for appellant.

Larry Baskind, Diamond, Rash, Leslie & Smith, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Associate Justice.

By this appeal William G. Blenkle seeks to set aside that part of a default judgment entered in 1974 which required him to pay $200.00 per month as child support. Because the Appellant has not pled or proved the essential requirements for an equitable bill of review, we affirm.

In 1970, a district court in New Mexico entered a decree of legal separation involving William and Deborah Blenkle in which he was ordered to pay $100.00 per month as child support. He has made those payments. In 1974, a Decree of Divorce was entered in the 210th Judicial District Court of El Paso County, Texas, and as a part of that decree William Blenkle was ordered to pay child support of $200.00 per month. In that case, William was served with a nonresident citation while serving in the United States Navy and stationed in Mississippi. He was unable to obtain leave and did not appear for the hearing, and a default judgment was entered.

In 1983, he filed a pleading entitled "Special Appearance to Vacate Child Support Order" in the same cause in which the divorce was granted and alleged that he was making a special appearance under Rule 120a, Tex.R.Civ.P. He alleged in this pleading a failure to comply with the Soldiers' and Sailors' Civil Relief Act, 50 U.S. C.A. app. sec. 501, that the court did not have in personam jurisdiction over him in 1974, and that the order for child support was a nullity and void.

After a hearing, the trial court found that "the Court had jurisdiction of Respondent's person at the time the divorce was entered and that such Special Appearance should be overruled." By a single point of error, Appellant contends "[t]he trial Court erred in holding that the Court had jurisdiction of Respondent's person at the time the divorce was granted." There is no procedure for filing a special appearance after judgment to contest the court's jurisdiction. After a court loses plenary power over its judgment, a judg-

ment cannot be set aside by the trial court except by bill of review for sufficient cause. Rule 329b(f), Tex.R.Civ.P.; *Mann v. Gonzalez,* 595 S.W.2d 102 (Tex.1979); *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961); *Aguirre v. Moor Park Investment Company,* 570 S.W.2d 103 (Tex.Civ.App.—El Paso 1978, writ dism'd).

 In this case, the trial court in passing on the "Special Appearance to Vacate Child Support Order" was in error in finding "that the Court had jurisdiction of Respondent's person at the time the divorce was entered * * *." The original petition for divorce alleged respondent resided in Mississippi and the citation served upon him was a nonresident citation served in Mississippi. A divorce proceeding is an in rem action over which a district court has subject matter jurisdiction. If notice provisions to the defendant meet constitutional due process requirements, the court may properly grant a divorce. But, an order to pay child support is in the nature of an in personam proceeding and one that requires personal jurisdiction over the defendant. In 1974 when this divorce was granted, the trial court did not have personal jurisdiction over William Blenkle and could not have properly entered an in personam order for child support. *Ex parte Limoges,* 526 S.W.2d 707 (Tex.Civ.App.—Austin 1975, no writ); *Risch v. Risch,* 395 S.W.2d 709 (Tex.Civ.App.—Houston 1965, writ dism'd), *cert. denied,* 386 U.S. 10, 87 S.Ct. 881, 17 L.Ed.2d 703; *Woodworth v. Woodworth,* 277 S.W.2d 828 (Tex.Civ.App.—Beaumont 1955, no writ); *Grubbs v. Grubbs,* 164 S.W.2d 216 (Tex.Civ.App.—San Antonio 1942, no writ); J. Sampson, Jurisdiction in Divorce and Conservatorship Suits, 8 Tex.Tech L.Rev. 159 at 169 (1976).

In 1975, the Texas long-arm statute [1] was passed to provide jurisdiction over nonresidents in suits affecting the parent-child relationship. *Perry v. Ponder,* 604 S.W.2d 306 (Tex.Civ.App.—Dallas 1980, no writ). *See:* J. Sampson, Interstate Spouses, Inter-

state Property, and Divorce, 13 Tex.Tech L.Rev. 1285 at 1298. In that article, Professor Sampson writes:

> Historically, a nondomiciliary respondent who elected not to submit to jurisdiction in Texas had two options regarding an attempt to bind him personally to the decree: specially appear to contest jurisdiction, or ignore the suit and collaterally attack the decree when enforcement was sought in his state of residence.

 Had the Appellant chosen either of those methods, he would have been successful. Instead he now seeks equitable relief in the same case, but has not complied with Rule 329b, Tex.R.Civ.P., by filing a bill of review. A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to motion for new trial. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex. 1979). In *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950), the court held that a complainant in a bill of review proceeding "must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." The second requirement has been modified in later cases. *Baker v. Goldsmith, supra.*

Even though the in personam judgment for child support payments may be thought of as being void because of the nonresident citation, the holding in *McEwen v. Harrison, supra,* and subsequent decisions makes it clear that if the trial court has subject matter jurisdiction the judgment will not be set aside for lack of personal jurisdiction unless the *Hagedorn* requirements are met in a bill of review proceeding under Rule 329b, Tex.R.Civ.P. *El Paso Pipe and Supply Company v. Mountain States Leasing, Inc.* 617 S.W.2d 189 (Tex. 1981); *Baker v. Goldsmith, supra; Petro-*

---

[1] Section 3.26 and section 11.051, Texas Family Code. Also see Rule 108, Tex.R.Civ.P., as amended effective January 1, 1976.

*Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974); *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974); *Texas Machinery and Equipment Company v. Gordon Knox Oil and Exploration Company,* 442 S.W.2d 315 (Tex.1969); *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); M. Pohl and S. Kirklin, Judgments by Default—A Survey of Texas Law, 31 Sw.L.J. 465 at 494 et seq. (1977).

Even if we consider the pleading filed in the trial court as a bill of review, it does not meet the *Hagedorn* requirements. William Blenkle did have a meritorious defense in that (1) he was not subject to personal jurisdiction on the nonresident citation in 1974 and (2) there was a failure to comply with the Soldiers' and Sailors' Civil Relief Act. But there is no showing he was prevented from making these defenses "by the fraud, accident or wrongful act of the opposite party unmixed with any fault or negligence of his own."

In *Becknell v. D'Angelo,* 506 S.W.2d 688 (Tex.Civ.App.—Fort Worth 1974, writ dism'd), the court reviewed a wife's appeal from a judgment entered after the court had sustained her husband's bill of review, set aside a prior judgment, and entered a new judgment dividing the parties' community property. In reviewing the wife's complaint about the ruling of the trial judge, Judge Brewster wrote:

> Appellant's second point of error is that the trial court erred in granting the bill of review because the appellee failed to establish any of the requisites for obtaining relief under an equitable bill of review.
>
> We hold that D'Angelo did not establish that he was entitled to an equitable

bill of review in this case. In view of our holding that he was entitled to a bill of review under the Soldiers' and Sailors' Civil Relief Act we will not burden this opinion with a discussion of the point.

We assume from that conclusion that the appellate court determined that a party can obtain equitable relief under the Soldiers' and Sailors' Civil Relief Act even when not entitled to relief under an equitable bill of review according to state law standards. We have no quarrel with that conclusion because Congress has entered into the area of relief from default judgments involving persons serving in the military service. 50 U.S.C.A. app. sec. 520.

But, the Soldiers' and Sailors' Civil Relief Act contemplates setting aside a default judgment and reopening the case so that the defendant may appear and defend the action. 50 U.S.C.A. app. sec. 520(4). In this case, had Mr. Blenkle filed an equitable bill of review and been successful under either state or federal procedure he would have appeared and been required to defend the case for child support. By filing a special appearance as he did, he sought to totally avoid having to appear and defend the case. That he cannot do under either state or federal law. Ground of Error No. One is overruled.

The "Order Overruling Special Appearance and Objection to Jurisdiction" is affirmed.